RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/15/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT ANDREW REED | DOCKET NO. 12-CV-2857, SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WARDEN, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court the pro se habeas corpus petition of Robert Andrew Reed, filed pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, presently incarcerated at the United States Penitentiary in Pollock, Louisiana. He complains of the conditions of his confinement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that Petitioner's claim be dismissed.

### *Allegations*

Petitioner filed suit regarding the conditions of his confinement such as conditions while on lockdown, access to the law library, quality and quantity of food served, unlawful searches, wrongful lockdown, and access to showers. He seeks injunctive relief and monetary damages.

### *Law and Analysis*

Petitioner filed a petition for writ of habeas corpus under 28

U.S.C. §2241. A petition for writ of habeas corpus is the proper procedural vehicle for challenging the <u>fact</u> or <u>duration</u> of confinement. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). In this petition, Reed complains of the <u>conditions</u> of his confinement. A *civil rights action* is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973).

Thus, Petitioner's claim is actually a civil rights claim that should have been filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In <u>Bivens</u>, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983.

Therefore, **IT IS RECOMMENDED** that the petition be **DISMISSED** for failure to state a claim for which habeas relief can be granted. If Petitioner wishes to pursue his constitutional claim, he should file a civil rights action under <u>Bivens</u>.

**The Clerk is directed to send Petitioner the forms for filing a civil rights action and for proceeding in forma pauperis.**

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15 day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE